United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES BREEN,

Plaintiff,

v.

CHRISTOPHER BOWEN,

Defendant.

Case No. 26-cv-04872-RS

**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**

James Breen was declared a vexatious litigant in California state court for conduct in a family-law matter in which he is a party. He has since filed at least six pre-filing applications requesting termination of supervised visits, all of which have been denied without explanation.

Breen has sued the Honorable Christopher Bowen, the Presiding Judge of the Superior Court that denied his pre-filing applications, averring that the summary denials constituted a violation of his due process rights under the Fourteenth Amendment to the United States Constitution because they denied him meaningful access to the courts. He seeks (1) a declaration that his constitutional rights were violated; and (2) an injunction requiring that his pre-filing applications be reviewed under the statutory criteria, that those applications be timely adjudicated and transmitted, and that a reasoned explanation for any denial be provided.[1]

Breen's suit is barred by the Eleventh Amendment. The Eleventh Amendment prevents a

[1] Pursuant to Civil Local Rule 7-1(b), Judge Bowen's motion is suitable for disposition without oral argument, and the hearing set for August 6, 2026, is vacated.

federal court from "hear[ing] a suit brought by any person against a nonconsenting State." *Allen v. Cooper*, 589 U.S. 248, 255 (2020); U.S. Const. amend. XI. This prohibition generally includes suits against state officers in their official capacity because official-capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Because Breen's suit is brought against Judge Bowen in his official capacity—that is, it seeks relief that would run against Judge Bowen as the Presiding Judge of the Superior Court—it is precluded by the Eleventh Amendment.

Breen's suit does not fall into the "narrow exception" to Eleventh Amendment immunity created by *Ex parte Young*, 209 U.S. 120 (1908). *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). That exception "allows certain private parties to seek judicial orders in federal court preventing state officials from enforcing laws that are contrary to federal law." *Id.* However, "this traditional exception does not normally permit federal courts to issue injunctions against state court judges" because they "do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." *Id.* The remedy for erroneous rulings is appeal—not federal judicial intervention. *See id.*; *Munoz v. Superior Court of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) (holding that a state court judge had Eleventh Amendment immunity in a case seeking declaratory and injunctive relief against enforcement of allegedly unconstitutional pretrial detention practices).

Breen attempts to evade the rule announced in *Whole Women's Health* and applied in *Munoz* by characterizing Judge Bowen's denial of the pre-filing applications as "administrative" rather than judicial. Even if that characterization were persuasive—and there is ample reason to think that it is not—*Whole Women's Health* makes clear that the Eleventh Amendment applies equally to suits challenging administrative actions undertaken in support of adjudicating cases as it does to suits challenging the adjudication itself. There, the plaintiffs not only sought to enjoin the state court judges applying the allegedly unconstitutional law, but the state court clerks who carried out the administrative function of "docket[ing] those disputes." *Whole Women's Health*,

595 U.S. at 39–40. The Supreme Court held that the Eleventh Amendment precluded suit against those clerks too because they are part of the "machinery" of the court system, which *as a whole* "work[s] to resolve disputes between parties," not enforce state law. *Id.* at 39 (quoting *Ex parte Young*, 209 U.S. at 163).

Judge Bowen's adjudication of Breen's pre-filing applications is protected from judicial scrutiny by the Eleventh Amendment because it is similarly part of the "machinery" of the state court system. *Ex parte Young*, 209 U.S. at 163. Like docketing a case, a pre-filing application must be reviewed before a case can ever be heard on the merits. In undertaking that review, Judge Bowen merely fulfills one component of that adjudicatory process—he does not "enforce state law as executive officials might." *Whole Women's Health*, 595 U.S. at 39. That is the touchstone of Eleventh Amendment immunity under Supreme Court precedent—not whether the official defendant's conduct is best characterized as "judicial" or "administrative."

At bottom, Breen seeks precisely what the Eleventh Amendment forbids: prospective declaratory and injunctive relief against a state judge that would meddle in the execution of his duties as a part of the state court system. As *Ex parte Young* itself observed, such an injunction "would be a violation of our whole scheme of government," and "[n]o power" exists to issue such a directive. 209 U.S. at 163. Accordingly, Judge Bowen's motion to dismiss for lack of jurisdiction is granted. Because dismissal is jurisdictional, it is without prejudice.

**IT IS SO ORDERED**.

Dated: July 20, 2026

RICHARD SEEBORG
United States District Judge